967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin MEZA-SANCHEZ, Defendant-Appellant.
 No. 91-30129.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1992.
Decided June 2, 1992.
 
 Before JAMES R. BROWNING, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Martin Meza-Sanchez appeals his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326. We affirm.
 
 BACKGROUND
 
 3
 Meza-Sanchez was deported from the United States to Mexico on July 15, 1988. His deportation was based on six state felony convictions, including one conviction for delivery of a controlled substance. Meza-Sanchez did not contest the validity of the convictions during his deportation proceedings nor did he appeal the deportation order. He reentered the United States illegally three days after being deported and was later discovered in Oregon by the Immigration and Naturalization Service ("INS"). Meza-Sanchez was subsequently indicted for illegal reentry after deportation, in violation of 8 U.S.C. § 1326.
 
 
 4
 Meza-Sanchez filed three pretrial motions in the district court. First, he moved to dismiss the indictment on the grounds that the original deportation order was defective because it relied on constitutionally infirm convictions. Second, he moved to dismiss the indictment on the ground that it lacked an allegation of specific or general intent. Third, he moved to suppress statements he made to an INS agent while in custody at the Marion County Jail, claiming that he did not waive his rights under Miranda v. Arizona, 384 U.S. 436 (1966), prior to giving the statements and that his statement was coerced. The district court denied all three motions. Meza-Sanchez was found guilty by a jury and sentenced to fifteen months in prison. Meza-Sanchez now appeals, challenging the district court's orders denying his pretrial motions.
 
 DISCUSSION
 Validity of Original Deportation Order
 
 5
 Meza-Sanchez argues that the indictment for illegal reentry should have been dismissed because the deportation which served as the predicate for the indictment was premised on state felony convictions that resulted from ineffective assistance of counsel.[1] We disagree. Meza-Sanchez waived appeal of his state convictions; therefore, the convictions were final judgments. Hernandez-Almanza v. United States Dep't of Justice, 547 F.2d 100, 103 (9th Cir.1976). Because Meza-Sanchez's deportation was based upon these final judgments, even a successful collateral attack on the convictions, made subsequent to deportation, would not disturb the deportation order. Id. The district court properly refused to dismiss the indictment on this ground.
 
 Intent Requirement
 
 6
 Meza-Sanchez argues that the indictment was defective because it failed to allege an element of intent. We review challenges to the sufficiency of an indictment de novo. United States v. Benny, 786 F.2d 1410, 1414 (9th Cir.), cert. denied, 479 U.S. 1017 (1986). We have previously concluded that 8 U.S.C. § 1326 does not require a showing of specific intent; "the government need not prove that appellant knew he was not entitled to enter the country without the permission of the Attorney General." Pena-Cabanillas v. United States, 394 F.2d 785, 790 (9th Cir.1968). On the other hand, we have also concluded that there must be a "general intent to do the prohibited act, to-wit enter." Id. at 790. By that statement, however, we do not mean that general intent is an element of a violation of Section 1326 which must be alleged in an indictment. Rather, we mean that an alien may raise the absence of general intent--by asserting, for example, that he was brought into the United States while unconscious or otherwise under duress--as a defense where appropriate. See id. at 788 n. 2. Because Meza-Sanchez did not reenter the United States without such "general intent," we conclude that the district court properly refused to dismiss the indictment on this ground.
 
 Suppression of Statements
 
 7
 We review the voluntariness of an asserted Miranda waiver de novo, but review whether a waiver was knowing and intelligent and the facts underlying the waiver for clear error. Collazo v. Estelle, 940 F.2d 411, 415, 416 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992). Meza-Sanchez failed to sign a form waiving his Miranda rights, but undisputed testimony established that government agents read Meza-Sanchez his rights prior to questioning and that he orally waived his rights. The testimony also established that the failure to sign the form was the result of an oversight rather than a refusal to waive rights. Meza-Sanchez also argues that the statements were coerced by the INS agents when they provided him with a "pretextual" administrative form which Meza-Sanchez was given to sign which purportedly would have guaranteed Meza-Sanchez the opportunity to depart voluntarily from the United States. Given the totality of the circumstances and Meza-Sanchez's extensive experience with the Miranda warnings, we conclude that Meza-Sanchez knowingly and intelligently waived his rights before giving the disputed statements. See Terrovona v. Kincheloe, 912 F.2d 1176, 1179-80 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991). The district court properly denied Meza-Sanchez's motion to suppress.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Meza-Sanchez does not attack the validity of the procedures employed in the deportation proceeding