**Rosa RAMIREZ–VELASQUEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–71083.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 23, 2010.

Jaehoh Suh, Esquire, Law Office of Jaehoh Suh, Van Nuys, CA, for Petitioner.

Song E. Park, Esquire, Michele Yvette Frances Sarko, Esquire, Lindsay L. Chichester, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Rosa Ramirez–Velasquez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her motion to reopen and rescind a prior deportation order and terminate removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Cardoso–Tlaseca v. Gonzales*, 460 F.3d 1102, 1106 (9th Cir.2006), and we review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Because Ramirez–Velasquez failed to demonstrate a gross miscarriage of justice, she may not at this point collaterally attack her 1991 deportation order. *See Hernandez–Almanza v. INS*, 547 F.2d 100, 102–03 (9th Cir.1976). The agency therefore did not abuse its discretion in denying Ramirez–Velasquez's motion to reopen. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen shall be reversed if it is "arbitrary, irrational or contrary to law").

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Contrary to Ramirez–Velasquez's contention, the BIA did not impermissibly ignore her arguments regarding her motion to reopen.

To the extent that Ramirez–Velasquez challenges the agency's decision not to exercise its sua sponte authority to reopen, we lack jurisdiction. *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.