Ramon PEREZ–OLBERA, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. CV–R–86–446–ECR.

United States District Court,
D. Nevada.

June 18, 1987.

As Amended July 14, 1987.

Raymon Perez-Olbera, pro se.

Joseph F. Ciolino, Office of Immigration Litigation, Civil Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## ORDER

EDWARD C. REED, JR., Chief Judge.

The petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petitioner initially had approached the Ninth Circuit Court of Appeals with this petition, seeking to attack collaterally the Board of Immigration Appeals decision regarding his deportation. Because the petitioner sought to void the deportation by way of an ineffective assistance of counsel attack, rather than an actual appeal of the BIA decision, the Circuit court found that it lacked jurisdiction, and referred the petitioner to this Court. Based upon that ruling, the petitioner filed the present request for a writ of habeas corpus.

## FACTS

Petitioner Perez-Olbera is a native and citizen of Cuba who arrived in the United States in Key West, Florida, in May of 1980. He was subsequently "paroled" into the United States in March of 1981. *See* 8 U.S.C. § 1182(d)(5) (the Attorney General may temporarily parole into the United States aliens applying for admission). In July, 1981, the petitioner was convicted in Nevada state courts of assault with a deadly weapon. After serving four months of his sentence, he was released. In August, 1982, petitioner was convicted in Nevada of robbery with a deadly weapon. He was sentenced to ten years imprisonment for the robbery charge and ten years for the weapons charge. The sentences were set to run consecutively.

Subsequent to the petitioner's incarceration in the Nevada prison system, the Immigration and Naturalization Service (INS) terminated the petitioner's parole. In January, 1985, the INS charged the petitioner as being excludable from admission to the United States under 8 U.S.C. § 1182(a)(9) and (20). These sections hold, respectively, that an alien may be excluded from admission who has been convicted of a crime of moral turpitude, or who is not in the possession of a valid unexpired immigrant visa or other valid entry document. The initial exclusion hearing was held before an immigration judge in April, 1985. At this hearing, the petitioner appeared with counsel, and denied the charged grounds of excludability. Petitioner's counsel advised the judge that his client wished to submit arguments regarding a petition for asylum. The judge allowed additional time for counsel to make the necessary arguments. During the course of this first hearing, INS counsel introduced into evidence the record of the petitioner's convictions.

The exclusion hearing was reconvened in October, 1985. The judge then received into evidence a copy of the petitioner's asylum application. In this application, filed under 8 U.S.C. § 1158(a), petitioner stated he was subject to political retribution in Cuba because he had voiced his feelings against communism and had been engaged in rebel activities against the Cuban government. Petitioner also testified that he had been imprisoned in Cuba for his activities there. He indicated that he was in custody from 1973 until 1980, when he was taken to the port of Mariel. From there he made his way to the United States.

In November, 1985, the immigration judge decided that the petitioner was excludable on the grounds charged, and denied the application for asylum. The judge concluded that the petitioner was excludable under 8 U.S.C. § 1182(a)(20), as he had admitted that he had entered the United States without valid entry documents. In addition, the judge found the petitioner excludable under § 1182(a)(9), as he had been convicted of an offense of moral turpitude. The judge also found the petitioner had established neither a well founded fear of persecution for asylum nor the clear proba-

bility of persecution. Moreover, the judge found that the petitioner's asylum applications had to be denied in light of his convictions of particularly serious crimes which made him a danger to the community of the United States. 8 U.S.C. § 1253(h)(2)(B). Even if the claim for asylum had been made out, therefore, it appears that the immigration judge would have ordered exclusion in view of the petitioner's convictions. *Id.*

The Board of Immigration Appeals affirmed the immigration judge's ruling. Focusing particularly on the petitioner's convictions for assault and armed robbery, the Board noted that he had become statutorily ineligible for withholding of deportation because of these crimes. The Board thus concurred with the immigration judge's ruling, and found that even if the petitioner had made out a case for withholding of deportation or asylum, he could not remain in this country by virtue of his criminal convictions.

Petitioner then sought review of this decision in the Ninth Circuit Court of Appeals, contending that his counsel had been ineffective for failure to obtain documents and records from petitioner's mother in Cuba which would have proved his claim for political asylum. As noted above, the Circuit court found this to be a collateral attack on the exclusion order rather than a direct appeal. On that basis, the petitioner was directed to file a petition for a writ of habeas corpus.

## RIGHT TO COUNSEL IN DEPORTATION HEARINGS

■ A defendant in a criminal prosecution has a sixth amendment right to the effective assistance of counsel at all critical stages of the prosecution where substantial rights may be affected. *Mempa v. Ray*, 389 U.S. 128, 134, 88 S.Ct. 254, 256, 19 L.Ed.2d 336 (1967); *Janvier v. United States*, 793 F.2d 449, 451 (2nd Cir.1986). It has been well established, however, that deportation hearings are civil proceedings to which the full panoply of constitutional protections available in criminal actions do not apply. *Abel v. United States*, 362 U.S. 217, 237, 80 S.Ct. 683, 696, 4 L.Ed.2d 668

(1960). It appears, therefore, that there is no sixth amendment right to effective counsel in these types of deportation hearings. *Committee of Central American Refugees v. INS*, 795 F.2d 1434, 1439 (9th Cir.1986).

■ The Ninth Circuit has recognized, however, that there is a right to effective counsel in deportation settings arising under the fifth amendment. *Id.*, (citing *Vides-Vides v. INS*, 783 F.2d 1463, 1469–70 (9th Cir.1986) and *Magallanes-Damian v. INS*, 783 F.2d 931, 933 (9th Cir.1986)). This conclusion is buttressed by the fact that Congress has also granted aliens the "privilege" of representation of counsel of their own choice at their own expense. *Id.;* see 8 U.S.C. § 1362. If the petitioner can show that his assistance of counsel was so ineffective as to have impinged upon the fundamental fairness of the hearing in violation of fifth amendment due process, a writ of habeas corpus would be an appropriate remedy. *Magallanes-Damian v. INS, supra*, at 933. This standard for fifth amendment ineffectiveness of counsel is even more rigorous than that for the sixth amendment as stated in *Strickland v. Washington*. *Id.*

■ Under either standard, the petitioner must demonstrate that he was prejudiced in order to prevail. *Mohsseni Behbahani v. INS*, 796 F.2d 249, 251; *Garcia-Jaramillia v. INS*, 604 F.2d 1236, 1239 (9th Cir.), *cert. denied*, 449 U.S. 828 (1980) and *Nicholas v. INS*, 590 F.2d 802, 809 (9th Cir.1979)). In the ineffective assistance of counsel context, a petitioner demonstrates prejudice by showing that his attorney's errors prevented him obtaining a favorable result. *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1983). If the attorney's errors do not warrant setting aside the judgment, there has been no prejudice, and the claim must fail. *Id.*

■ Viewed in this light, it is clear that the petitioner was not denied the effective assistance of counsel during his exclusion hearing. Assuming for the moment that his attorney's failure to procure these doc-

uments was professionally unreasonable, it appears that the records would have had no effect on the immigration judge and the Board of Immigration Appeals anyway. As is stated in the decisions of those courts, the petitioner was excluded from admission into the United States because of his commission of various crimes of violence. It is true that the petitioner was found to have also failed to qualify for asylum, and that these Cuban records could have possibly assisted in demonstrating his worthiness for asylum. Even if he were clearly entitled to asylum, however, both courts noted that the petitioner would still have to be excluded because of his past convictions.

This conclusion is borne out by the statutes which create the standards for asylum. Section 1253(h)(1) of Title 8 provides that the Attorney General shall not deport an alien who enters the country illegally if that individual's life or freedom would be threatened in the country to which he would be deported on account of race, religion, nationality, membership in a particular social group, or political opinion. This asylum right is defeasible. For if the alien has been convicted by a final judgment of a particularly serious crime, thereby constituting a danger to the community of the United States, he shall not be granted the right of asylum. 8 U.S.C. § 1253(h)(2)(B). Therefore, the fact that petitioner's attorney may have acted unreasonably is irrelevant. Even if he had procured the Cuban documents and had established a case of political asylum for the petitioner, the petitioner would still have to be excluded on account of his convictions. There was thus no ineffective assistance of counsel in the petitioner's case, and the writ must be denied.

IT IS, THEREFORE, HEREBY ORDERED that the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. The Clerk shall enter judgment accordingly.