**Ali Reza HAGHI, Petitioner,**

v.

**Donald RUSSELL, INS Director, Respondent.**

**Civ. A. No. 89–B–0004.**

United States District Court, D. Colorado.

Aug. 31, 1990.

Vicki Mandell–King, Asst. Federal Public Defender, Denver, Colo., for petitioner.

James W. Winchester, Asst. U.S. Atty., Elizabeth Richards, I.N.S., Denver, Colo., for respondent.

MEMORANDUM OPINION & ORDER

BABCOCK, District Judge.

Before me is Ali Reza Haghi's (Haghi) objections to the recommendation of the magistrate that I deny Haghi's petition for writ of habeas corpus. Haghi is currently confined in the Immigration and Naturalization Service (INS) detention center in Aurora, Colorado, awaiting deportation. In his petition, authorized by 8 U.S.C. § 1105a(a)(9), Haghi seeks to withhold his deportation to Iran and obtain asylum in the United States. The Magistrate's recommendation and previous INS decisions were the result of Haghi's pleading guilty to a drug trafficking charge in California. After Haghi filed his objections to the Magistrate's recommendation, he filed a supplemental memorandum stating that he had successfully challenged the guilty plea and the charges have been dismissed. Although it appears that these new circumstances may justify withholding deporta-

tion or granting asylum, that is an administrative decision to be made first by the INS. Because I cannot consider these new circumstances as the case is currently postured and because the INS did not otherwise abuse its discretion, I deny the petition.

The record establishes that while Haghi lived in Iran, he worked for the SAVAK, the secret police of the former ruler of Iran, Reza Shah Pahlavi. After the Iranian Revolution in 1979, Haghi fled from Iran to Europe. He lived in several different European countries, eventually residing in Spain for three years, where he owned and operated a restaurant. Haghi explained that he made no effort to obtain formal, legal status in Spain because he expected the revolutionary government of Iran to fall at any time. In 1984, Haghi came to the United States on a visitor's visa. Some three years later he was convicted in a California state court on a plea of guilty to the charge of transportation and sale of cocaine. In 1988, Haghi was issued an order to show cause why he should not be deported from the United States. After a hearing before an Immigration Judge, Haghi was declared deportable and ineligible for asylum. The decision was affirmed by the Board of Immigration Appeals (BIA). Haghi's motion to reopen the proceedings was denied.

Haghi now petitions for writ of habeas corpus to withhold his deportation to Iran and obtain asylum in the United States. My review of the immigration proceedings is limited to the administrative record forming the basis for the decisions. *Michelson v. INS*, 897 F.2d 465, 467 (10th Cir.1990). The sole inquiry is whether the INS abused its discretion in issuing the challenged orders. *Vassiliou v. INS*, 461 F.2d 1193, 1195 (10th Cir.1972).

An alien may petition to withhold deportation to any country in which the "alien's life or freedom would be threatened . . . on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h). Upon such showing by the alien, deportation must be withheld. *Campos–Guardado v.*

*INS*, 809 F.2d 285 (5th Cir.), *cert. denied*, 484 U.S. 826, 108 S.Ct. 92, 98 L.Ed.2d 53 (1987). Asylum in the United States is also available at the discretion of the INS for an alien who holds "a well-founded fear of persecution" if returned to his or her country of origin. 8 U.S.C. §§ 1101(a)(42)(A) & 1158(a).

As the Magistrate stated, however, "[t]he law concerning aliens and drug offenses is both clear and harsh." Deportation is appropriate, indeed mandatory, for any alien convicted for violation of "any law or regulation of a State . . . relating to a controlled substance." 8 U.S.C. § 1251(a)(11); *see Ramirez–Ramos v. INS*, 814 F.2d 1394, 1396–97 (9th Cir.1987). A request for withholding of deportation is likewise jeopardized if an alien is convicted of a "particularly serious crime." 8 U.S.C. § 1253(h)(2)(B). An alien's prior convictions may be considered, as one factor, in reviewing an application for asylum. *Joseph v. INS*, 909 F.2d 605 (1st Cir.1990); *Castro–O'Ryan v. INS*, 847 F.2d 1307, 1313–14 (9th Cir.1988); *Arauz v. Rivkind*, 845 F.2d 271, 275–77 (11th Cir.1988); *Shahandeh–Pey v. INS*, 831 F.2d 1384 (7th Cir.1987); *Perez–Olbera v. INS*, 662 F.Supp. 910, 913 (D.Nev.1987); *In re Gonzales*, Int.Dec. No. 6071, slip op. at 5 (BIA July 27, 1988); 8 C.F.R. § 208.8(f)(1)(iv). Further, because asylum is intended for those whose presence in the United States is a direct consequence of their flight from their country of origin, asylum will be denied to an alien who has "firmly resettled" in another country. 8 C.F.R. § 208.8(f)(1)(ii).

After examining the petition, other pleadings, and documents submitted by the petitioner and respondent, in light of the immigration record, I agree with the Magistrate that "[t]he record shows that [Haghi] was ordered deported because of a drug conviction, his asylum application was denied because he had firmly settled in Spain and because of his drug conviction, and he was ordered sent to Iran because he stood mute when asked where he wished to be sent." In a later decision by the BIA denying Haghi's motion to reopen, however, the BIA held that Haghi "was not firmly reset-

tled in Spain." Thus, I need not consider that ground for denial of asylum. The BIA left standing its original deportation order and denial of asylum based on Haghi's drug conviction.

I also agree with the Magistrate that "the administrative record itself amply supports [Haghi's] well founded fear that he will be killed or persecuted if he is returned to Iran as a U.S. deportee." Iran's present rulers, as the Magistrate noted, have "demonstrated a formidable capacity for revenge, brutality, and violence against its enemies." According to Haghi, his identity as a SAVAK agent is known in Iran and some of his family members have been imprisoned by the Iranian government.

Essential to the Magistrate's recommendation and the decision of the INS to deny Haghi asylum and deport him to Iran was Haghi's prior drug conviction. Haghi plead guilty to count one of a three count Information filed in the Superior Court of California in Los Angeles. He was fined and placed on probation after having been given credit for 181 days of jail time served between arrest and sentencing. The record unquestionably demonstrates that this conviction was the primary basis for the deportation order and denial of asylum.

Since the INS decision and the Magistrate's recommendation, however, Haghi successfully challenged the conviction. Contending that he entered his guilty plea without understanding the consequences and professing his innocence, Haghi moved to withdraw his plea. The California state court granted Haghi's motion and the criminal charges were dropped. Consequently, Haghi argues, the deportation order and the denial of asylum no longer have any sound articulated basis. "Once [a] conviction becomes final, it provides a valid basis for deportation *unless it is overturned in a post-conviction proceeding.*" *Trench v. United States,* 783 F.2d 181, 184 (10th Cir.) (quoting *Zinnanti v. INS,* 651 F.2d 420, 421 (5th Cir.1981)) (emphasis added), *cert. denied,* 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986); *see Weidersperg v. INS,* 896 F.2d 1179 (9th Cir.1990); *Aguilera–Enriquez v. INS,* 516 F.2d 565, 570–71

& n. 7 (6th Cir.1975) (and cases cited therein), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976).

Although Haghi requests that I evaluate the record in light of his exoneration, I would exceed the scope of habeas corpus relief by doing so. "[T]he jurisdiction under [the writ of habeas corpus] is confined to an examination of the *record,* with a view to determining whether the person restrained of his liberty is detained without authority of law." *Harlan v. McGourin,* 218 U.S. 442, 445, 31 S.Ct. 44, 46, 54 L.Ed. 1101 (1910) (emphasis added); *see also Pierre v. Rivkind,* 825 F.2d 1501, 1504 (11th Cir.1987). If there is no conviction, there probably no longer remains a basis for a deportation order or denial of asylum. That fact, however, does not appear in the *record* before me.

At the time of the INS decisions, the conviction was a valid consideration. Only if the administrative agency abuses its discretion in reaching its conclusions may the judiciary supplant its judgment for the agency's. I cannot say that the INS abused its discretion in failing to consider what it could not know. Nor may I consider the conviction revocation now; it is for the administrative agency to evaluate the changed circumstances in the first instance. In viewing the record as the circumstances were when it was made, I find no abuse of discretion by the INS in ordering Haghi deported or in denying him asylum.

That is not to say that Haghi is without a forum to hear what is essentially new evidence. Although the BIA has already turned down one petition for rehearing, this was before the BIA was informed of the vacation of Haghi's conviction. Haghi may again petition the BIA to reopen the deportation proceedings and reconsider the deportation order and denial of asylum decision in light of these new circumstances. *See Yee Dai Shek v. INS,* 541 F.2d 1067, 1069 (4th Cir.1976). That is not an illusory forum. Indeed, under its regulations, the BIA may reopen where new and material evidence is offered. 8 C.F.R. § 3.2; *INS v. Abudu,* 485 U.S. 94, 108 S.Ct. 904, 99

**252**

L.Ed.2d 90 (1988); *Motamedi v. INS*, 713 F.2d 575, 576–77 (10th Cir.1983). That standard is met where, as here, the record reflects that the INS and the BIA gave conclusive weight to an alien's criminal conviction in ordering deportation and denying asylum, and where, as here, that conviction may no longer exist. Should the BIA again refuse to reopen the proceedings, Haghi may appeal the decision directly to the United States court of appeals. 8 U.S.C. § 1105a(a); *Abudu*, 485 U.S. at 96, 108 S.Ct. at 907.

Accordingly, it is ORDERED that

Haghi's Petition for Writ of Habeas Corpus is DENIED.