UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1707

ALBERTO CABRAL DE FARIA,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER

OF THE BOARD OF IMMIGRATION APPEALS

Before

Breyer, Chief Judge,

Selya and Cyr, Circuit Judges.

Joseph S. Callahan on brief for petitioner.

Frank W. Hunger, Assistant Attorney General, Robert Kendall, Jr.,

Assistant Director, and Philemina McNeill Jones, Attorney, Office of

Immigration Litigation, Civil Division, Department of Justice, on
brief for respondent.

November 16, 1993

Per Curiam. Petitioner Alberto Cabral de Faria seeks

review of an order of the Board of Immigration Appeals

requiring that he be deported to Canada. Finding that no

substantial question is presented, we summarily affirm

pursuant to Loc. R. 27.1.

I.

Petitioner, a Canadian native and citizen, has resided

in this country for 27 of his 34 years. In 1991, the

Immigration and Naturalization Service (INS) charged him with

being deportable under 8 U.S.C. 1251(a)(2)(A)(ii) as an

alien who had been convicted of two crimes involving moral

turpitude. The two crimes cited in the show cause order were

a 1990 larceny conviction and a 1991 assault conviction. At

a hearing in September 1992, petitioner conceded his

deportability and requested a discretionary waiver under 8

U.S.C. 1182(c). A hearing to address this request was held

on October 13, 1992. The INS there introduced evidence of

various other criminal offenses petitioner had committed--

including a 1985 conviction for breaking and entering (b&e)

and a 1990 conviction for possession with intent to

distribute a controlled substance. Based on this and other

evidence, the Immigration Judge (IJ) denied the request for

212(c) relief at the close of the hearing. Petitioner filed

no appeal to the Board from this decision.

-2-

Instead, on October 27, he filed an application for a

stay of deportation with the District Director, representing

that the state court had vacated the larceny conviction that

very day.1 The INS responded six days later by moving to

reopen the deportation proceedings pursuant to 8 C.F.R.

242.22. Pointing to petitioner's contention regarding the

larceny offense, it requested reopening (1) so that a

separate conviction (the 1985 b&e offense) could be

"substituted" for the larceny conviction in order to

"reestablish deportability," and (2) so that the IJ could

consider whether the vacation of the larceny conviction might

affect the earlier denial of 212(c) relief. The IJ agreed

to reopen the proceedings. The INS amended the show cause

order to substitute the b&e conviction for the larceny

conviction. A subsequent amendment set forth the 1990 drug

conviction as a separate basis for deportability. At a de

novo hearing held in March 1993, the IJ found petitioner to

be deportable on both grounds: as one who had been convicted

of two crimes of moral turpitude (based on the assault and

b&e convictions), and as one who had been convicted of an

1. While the stay application and the state court decision
are not in the record before us, the INS does not dispute
that the larceny conviction was vacated. Neither side has
identified the basis for such action. We presume that
petitioner gained relief pursuant to Mass. G.L. c. 278,
29D, which requires a court to inform a defendant of the
immigration consequences of a guilty plea. Petitioner has
challenged at least one other of his convictions on this
ground.

-3-

aggravated felony (based on the drug conviction). See 8

U.S.C. 1251(a)(2)(A)(ii)-(iii). The request for 212(c)

relief was again denied. The BIA on appeal affirmed the IJ's

decision, and petitioner has now sought review in this court.

II.

Petitioner does not challenge the substance of the

agency's findings concerning deportability and discretionary

relief. Instead, he advances several procedural

objections.2 His principal contention is that the decision

to reopen the deportation proceedings was in contravention of

the governing regulations. For example, 8 C.F.R. 242.22

provides in relevant part: "A motion to reopen will not be

granted unless the immigration judge is satisfied that

evidence sought to be offered is material and was not

available and could not have been discovered or presented at

the hearing." Similarly, 8 C.F.R. 103.5(a)(2)(i) provides

that a motion to reopen must "[s]tate the new facts to be

proved at the reopened proceeding." See also id. 3.8(a)

(same). Petitioner argues that the allegedly "new" facts

2. One of petitioner's central arguments to the BIA was that
the IJ had neglected to consider his opposition to the motion
to reopen. Indeed, the IJ stated that the motion was
"unopposed," even though petitioner's opposition had been
filed in timely fashion the previous day. The BIA on appeal
addressed this complaint by considering the matter de novo.
Any error that might have attended the IJ's action was thus
harmless. See, e.g., Ravindran v. INS, 976 F.2d 754, 762 n.6

(1st Cir. 1992). Petitioner has not pursued the point in
this court.

-4-

proffered by the INS--the evidence concerning his b&e and

drug convictions--were not newly discovered at all and thus

provided no basis for reopening.

This argument misconstrues the INS' motion. What

prompted the request to reopen was not the evidence of other

crimes but rather the fact that, subsequent to the initial

hearing, the larceny conviction was vacated. This occurrence

was not only "new" but "material" as well, given that the

validity of the original deportation order was dependent on

that conviction. Numerous courts have observed that the

overturning of a conviction upon which deportability was

premised is an appropriate basis for reopening administrative

proceedings. See, e.g., Escobar v. INS, 935 F.2d 650, 652

(4th Cir. 1991) (noting that INS had requested BIA to "reopen

and terminate" deportation proceedings following expungement

of conviction); Wiedersperg v. INS, 896 F.2d 1179, 1182-83

(9th Cir. 1990) (abuse of discretion to deny reopening in

such context); Becerra-Jimenez v. INS, 829 F.2d 996, 1000-02

(10th Cir. 1987) (due to expunction of convictions, court

remands for agency consideration of motion to reopen); Haghi

v. Russell, 744 F. Supp. 249, 251-52 (D. Col. 1990) (vacation

of conviction is "new and material evidence" within 8 C.F.R.

3.2). We thus find no abuse of discretion in the Board's

ruling that the procedural prerequisites to reopening had

been satisfied. See, e.g., INS v. Doherty, 112 S. Ct. 719,

-5-

724-25 (1992) (ruling on motion to reopen reviewed for abuse

of discretion); INS v. Abudu, 485 U.S. 94, 99 n.3, 104-05

(1988) (same).3

Petitioner's real complaint, of course, is not with the

allowance of the motion to reopen per se,4 but rather with

the purpose for which the INS sought reopening--i.e., to file

substitute charges in order to "reestablish" his

deportability. Before this court, petitioner has advanced a

separate argument in this vein, contending that introduction

of the drug offense was impermissible because the INS had

made no reference thereto in its motion to reopen. This

contention stumbles over an initial hurdle: petitioner

neither objected to such evidence at the reopened hearing nor

raised this issue in his appeal to the BIA. "Issues not

raised before the Board may not be raised for the first time

upon judicial review of the Board's decisions." Ravindran v.

3. Petitioner also argues that the INS' motion was not
"supported by affidavits or other documentary evidence," as
required by 8 C.F.R. 3.8(a), 103.5(a)(2)(ii). See, e.g.,

INS v. Jong Ha Wang, 450 U.S. 139, 143 (1981) (per curiam).

Even assuming this contention was adequately presented below,
we are unpersuaded that the motion's format was deficient.
An affidavit was unnecessary where the new evidence proffered
by the INS consisted of an assertion advanced by petitioner
himself in an earlier filing with the agency.

4. For example, if the original larceny and assault
convictions had been the only ones in petitioner's record,
there is little doubt that he would have been the one seeking

reopening in October 1992 in order to set aside his
deportation order. Indeed, in a number of the cases cited
above, it is the alien who sought such relief.

-6-

INS, 976 F.2d 754, 761 (1st Cir. 1992); accord, e.g., Thomas

v. INS, 976 F.2d 786, 789 (1st Cir. 1992) (per curiam);

Alvarez-Flores v. INS, 909 F.2d 1, 8 (1st Cir. 1990).

We perceive no procedural impropriety in any event.

Pursuant to 8 C.F.R. 242.16(d), the INS "may at any time

during a hearing lodge additional charges of deportability,

including factual allegations, against the respondent." We

find no basis for petitioner's unsupported assertion that

this provision is inapplicable to reopened hearings.5 Nor

can we conclude that the INS was guilty of "piling on" or

other heavy-handed tactics. To be sure, both of the

"substitute" convictions here could have been charged at the

outset. Yet there is no requirement that the INS advance

every conceivable basis for deportability in the original

show cause order. As the IJ explained, such a rule would

needlessly complicate proceedings in the vast majority of

cases. Moreover, each of the substitutions here was

prompted, not by dereliction on the part of the agency, but

by action on the part of petitioner. As noted, introduction

of the b&e offense was occasioned by his success in vacating

the larceny conviction. And the drug conviction was

5. In Rosenberg v. Fleuti, 374 U.S. 449 (1963), a similar

series of events occurred. A summary order of deportation
was issued. It was later discovered that such conviction was
not one for which deportation could be ordered. "The
deportation proceedings were thereupon reopened and a new
charge [of deportability] was lodged against respondent."
Id. at 450.

-7-

proffered as a separate basis for deportability only in

response to petitioner's suggestion, during a pair of

hearings in December 1992, that the b&e conviction, in turn,

had been vacated (a suggestion that was never

substantiated).6 Under these circumstances, we think the

Board acted within its "broad discretion," Doherty, 112 S.

Ct. at 722, in agreeing to reopen the deportation proceedings

to consider the substitute charges.

The petition for review is denied. The motion for stay

of deportation pending review is denied as moot.

6. By means of a motion dated December 1, 1992, petitioner
asked the state court to vacate this conviction pursuant to
G.L. c. 278, 29D. See note 1 supra. At the reopened

deportation hearing, he introduced a copy of this motion with
the handwritten inscription "mot all" appearing in the
margin, followed by a set of initials. The IJ, while
inferring that the inscription meant "motion allowed,"
rejected this evidence because of its improper format. He
explained that an official docket entry was necessary to
prove that the conviction had been vacated. Petitioner has
not challenged this ruling, either before the BIA or this
court, and has not otherwise pursued the contention that the
b&e conviction has been overturned.

-8-