USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1707 ALBERTO CABRAL DE FARIA, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Joseph S. Callahan on brief for petitioner. __________________ Frank W. Hunger, Assistant Attorney General, Robert Kendall, Jr., ________________ ___________________ Assistant Director, and Philemina McNeill Jones, Attorney, Office of _______________________ Immigration Litigation, Civil Division, Department of Justice, on brief for respondent. ____________________ November 16, 1993 ____________________ Per Curiam. Petitioner Alberto Cabral de Faria seeks ___________ review of an order of the Board of Immigration Appeals requiring that he be deported to Canada. Finding that no substantial question is presented, we summarily affirm pursuant to Loc. R. 27.1. I. Petitioner, a Canadian native and citizen, has resided in this country for 27 of his 34 years. In 1991, the Immigration and Naturalization Service (INS) charged him with being deportable under 8 U.S.C. 1251(a)(2)(A)(ii) as an alien who had been convicted of two crimes involving moral turpitude. The two crimes cited in the show cause order were a 1990 larceny conviction and a 1991 assault conviction. At a hearing in September 1992, petitioner conceded his deportability and requested a discretionary waiver under 8 U.S.C. 1182(c). A hearing to address this request was held on October 13, 1992. The INS there introduced evidence of various other criminal offenses petitioner had committed-- including a 1985 conviction for breaking and entering (b&e) and a 1990 conviction for possession with intent to distribute a controlled substance. Based on this and other evidence, the Immigration Judge (IJ) denied the request for 212(c) relief at the close of the hearing. Petitioner filed no appeal to the Board from this decision. -2- Instead, on October 27, he filed an application for a stay of deportation with the District Director, representing that the state court had vacated the larceny conviction that very day.1 The INS responded six days later by moving to reopen the deportation proceedings pursuant to 8 C.F.R. 242.22. Pointing to petitioner's contention regarding the larceny offense, it requested reopening (1) so that a separate conviction (the 1985 b&e offense) could be "substituted" for the larceny conviction in order to "reestablish deportability," and (2) so that the IJ could consider whether the vacation of the larceny conviction might affect the earlier denial of 212(c) relief. The IJ agreed to reopen the proceedings. The INS amended the show cause order to substitute the b&e conviction for the larceny conviction. A subsequent amendment set forth the 1990 drug conviction as a separate basis for deportability. At a de novo hearing held in March 1993, the IJ found petitioner to be deportable on both grounds: as one who had been convicted of two crimes of moral turpitude (based on the assault and b&e convictions), and as one who had been convicted of an ____________________ 1. While the stay application and the state court decision are not in the record before us, the INS does not dispute that the larceny conviction was vacated. Neither side has identified the basis for such action. We presume that petitioner gained relief pursuant to Mass. G.L. c. 278, 29D, which requires a court to inform a defendant of the immigration consequences of a guilty plea. Petitioner has challenged at least one other of his convictions on this ground. -3- aggravated felony (based on the drug conviction). See 8 ___ U.S.C. 1251(a)(2)(A)(ii)-(iii). The request for 212(c) relief was again denied. The BIA on appeal affirmed the IJ's decision, and petitioner has now sought review in this court. II. Petitioner does not challenge the substance of the agency's findings concerning deportability and discretionary relief. Instead, he advances several procedural objections.2 His principal contention is that the decision to reopen the deportation proceedings was in contravention of the governing regulations. For example, 8 C.F.R. 242.22 provides in relevant part: "A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing." Similarly, 8 C.F.R. 103.5(a)(2)(i) provides that a motion to reopen must "[s]tate the new facts to be proved at the reopened proceeding." See also id. 3.8(a) ________ ___ (same). Petitioner argues that the allegedly "new" facts ____________________ 2. One of petitioner's central arguments to the BIA was that the IJ had neglected to consider his opposition to the motion to reopen. Indeed, the IJ stated that the motion was "unopposed," even though petitioner's opposition had been filed in timely fashion the previous day. The BIA on appeal addressed this complaint by considering the matter de novo. Any error that might have attended the IJ's action was thus harmless. See, e.g., Ravindran v. INS, 976 F.2d 754, 762 n.6 ___ ____ _________ ___ (1st Cir. 1992). Petitioner has not pursued the point in this court. -4- proffered by the INS--the evidence concerning his b&e and drug convictions--were not newly discovered at all and thus provided no basis for reopening. This argument misconstrues the INS' motion. What prompted the request to reopen was not the evidence of other crimes but rather the fact that, subsequent to the initial hearing, the larceny conviction was vacated. This occurrence was not only "new" but "material" as well, given that the validity of the original deportation order was dependent on that conviction. Numerous courts have observed that the overturning of a conviction upon which deportability was premised is an appropriate basis for reopening administrative proceedings. See, e.g., Escobar v. INS, 935 F.2d 650, 652 ___ ____ _______ ___ (4th Cir. 1991) (noting that INS had requested BIA to "reopen and terminate" deportation proceedings following expungement of conviction); Wiedersperg v. INS, 896 F.2d 1179, 1182-83 ___________ ___ (9th Cir. 1990) (abuse of discretion to deny reopening in such context); Becerra-Jimenez v. INS, 829 F.2d 996, 1000-02 _______________ ___ (10th Cir. 1987) (due to expunction of convictions, court remands for agency consideration of motion to reopen); Haghi _____ v. Russell, 744 F. Supp. 249, 251-52 (D. Col. 1990) (vacation _______ of conviction is "new and material evidence" within 8 C.F.R. 3.2). We thus find no abuse of discretion in the Board's ruling that the procedural prerequisites to reopening had been satisfied. See, e.g., INS v. Doherty, 112 S. Ct. 719, ___ ____ ___ _______ -5- 724-25 (1992) (ruling on motion to reopen reviewed for abuse of discretion); INS v. Abudu, 485 U.S. 94, 99 n.3, 104-05 ___ _____ (1988) (same).3 Petitioner's real complaint, of course, is not with the allowance of the motion to reopen per se,4 but rather with the purpose for which the INS sought reopening--i.e., to file substitute charges in order to "reestablish" his deportability. Before this court, petitioner has advanced a separate argument in this vein, contending that introduction of the drug offense was impermissible because the INS had made no reference thereto in its motion to reopen. This contention stumbles over an initial hurdle: petitioner neither objected to such evidence at the reopened hearing nor raised this issue in his appeal to the BIA. "Issues not raised before the Board may not be raised for the first time upon judicial review of the Board's decisions." Ravindran v. _________ ____________________ 3. Petitioner also argues that the INS' motion was not "supported by affidavits or other documentary evidence," as required by 8 C.F.R. 3.8(a), 103.5(a)(2)(ii). See, e.g., ___ ____ INS v. Jong Ha Wang, 450 U.S. 139, 143 (1981) (per curiam). ___ ____________ Even assuming this contention was adequately presented below, we are unpersuaded that the motion's format was deficient. An affidavit was unnecessary where the new evidence proffered by the INS consisted of an assertion advanced by petitioner himself in an earlier filing with the agency. 4. For example, if the original larceny and assault convictions had been the only ones in petitioner's record, there is little doubt that he would have been the one seeking __ reopening in October 1992 in order to set aside his deportation order. Indeed, in a number of the cases cited above, it is the alien who sought such relief. -6- INS, 976 F.2d 754, 761 (1st Cir. 1992); accord, e.g., Thomas ___ ______ ____ ______ v. INS, 976 F.2d 786, 789 (1st Cir. 1992) (per curiam); ___ Alvarez-Flores v. INS, 909 F.2d 1, 8 (1st Cir. 1990). ______________ ___ We perceive no procedural impropriety in any event. Pursuant to 8 C.F.R. 242.16(d), the INS "may at any time during a hearing lodge additional charges of deportability, including factual allegations, against the respondent." We find no basis for petitioner's unsupported assertion that this provision is inapplicable to reopened hearings.5 Nor can we conclude that the INS was guilty of "piling on" or other heavy-handed tactics. To be sure, both of the "substitute" convictions here could have been charged at the outset. Yet there is no requirement that the INS advance every conceivable basis for deportability in the original show cause order. As the IJ explained, such a rule would needlessly complicate proceedings in the vast majority of cases. Moreover, each of the substitutions here was prompted, not by dereliction on the part of the agency, but by action on the part of petitioner. As noted, introduction of the b&e offense was occasioned by his success in vacating the larceny conviction. And the drug conviction was ____________________ 5. In Rosenberg v. Fleuti, 374 U.S. 449 (1963), a similar _________ ______ series of events occurred. A summary order of deportation was issued. It was later discovered that such conviction was not one for which deportation could be ordered. "The deportation proceedings were thereupon reopened and a new charge [of deportability] was lodged against respondent." Id. at 450. ___ -7- proffered as a separate basis for deportability only in response to petitioner's suggestion, during a pair of hearings in December 1992, that the b&e conviction, in turn, ___ had been vacated (a suggestion that was never substantiated).6 Under these circumstances, we think the Board acted within its "broad discretion," Doherty, 112 S. _______ Ct. at 722, in agreeing to reopen the deportation proceedings to consider the substitute charges. The petition for review is denied. The motion for stay ________________________________________________________ of deportation pending review is denied as moot. ________________________________________________ ____________________ 6. By means of a motion dated December 1, 1992, petitioner asked the state court to vacate this conviction pursuant to G.L. c. 278, 29D. See note 1 supra. At the reopened ___ _____ deportation hearing, he introduced a copy of this motion with the handwritten inscription "mot all" appearing in the margin, followed by a set of initials. The IJ, while inferring that the inscription meant "motion allowed," rejected this evidence because of its improper format. He explained that an official docket entry was necessary to prove that the conviction had been vacated. Petitioner has not challenged this ruling, either before the BIA or this court, and has not otherwise pursued the contention that the b&e conviction has been overturned. -8-