23 F.3d 394
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Enrique Williams CELIS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-1055
 United States Court of Appeals,
First Circuit.
 May 25, 1994
 
 ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS
 Richard L. Iandoli and Iandoli & Associates, on brief for petitioner.
 Frank W. Hunger, Assistant Attorney General, Richard M. Evans, Assistant Director, and Joseph F. Ciolino, Attorney, Office of Immigration Litigation, Department of Justice, on Respondent's Motion to Lift Stay of Deportation.
 B.I.A.
 VACATED.
 Before Torruella, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 We grant the government's motion, lift the stay of deportation, and summarily dismiss the petition for review for three reasons.
 
 
 2
 1. The Board of Immigration Appeals (BIA) was not required to believe petitioner's late proffered claim of inability to prepare for, or proceed at, the June 11, 1991 hearing because of an earlier heart attack. First, petitioner, a college graduate, indicated at the hearing only that his heart attack had delayed his mailing of documentation "a little." Neither in response to the Immigration and Naturalization Service's argument that petitioner had adequate time to prepare and should be denied a continuance nor in his administrative appeal did petitioner claim physical distress or inability to concentrate or prepare. While petitioner now claims that he did not mention problems related to his health because he did not appreciate their relevance, the BIA was not required to believe that explanation. Second, the medical reports did not establish that petitioner's heart condition precluded him from contacting a lawyer, preparing for the hearing, or thinking clearly during the hearing. Indeed, according to his own account, petitioner had been active in the months following the attack contacting every lawyer on the list and obtaining documents. Having implicitly discounted petitioner's late claim of severe disability, the BIA did not exceed its authority in refusing to excuse claimant's lack of candor during the June 11 hearing, in concluding petitioner had an adequate opportunity to obtain counsel, or in denying petitioner's motion for reconsideration.
 
 
 3
 2. Petitioner contends the Immigration Judge (I.J.) should have inquired further into petitioner's health and expressly considered the cardiac condition in determining whether to grant discretionary relief. Regardless whether or not the I.J.'s inquiries were adequate, the BIA has since expressly considered petitioner's medical condition and concluded that adverse factors (e.g., petitioner's serious trafficking conviction and lack of remorse) outweigh any demonstrated equities. The BIA's determination was well within its broad range of discretion.
 
 
 4
 3. Petitioner failed to argue below that 8 C.F.R. Sec. 242.1(c) was violated and therefore may not raise the issue now. See Cabral de Faria v. INS, 13 F.3d 422 (1st Cir. 1993) (issues not raised before the Board may not be raised for the first time upon judicial review).
 
 
 5
 The petition for judicial review is summarily denied and this court's February 1, 1994 stay of deportation is vacated. Loc. R. 27.1.