**Ignacio Osvaldo HERNANDEZ–ALMANZA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 75–2182.

United States Court of Appeals, Ninth Circuit.

Dec. 13, 1976.

Jack Boggust, Brawley, Cal., for petitioner.

Henry Petersen, Asst. Atty. Gen., Crim. Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before CHAMBERS and CHOY, Circuit Judges, and EAST,* District Judge.

CHOY, Circuit Judge:

Appellant Hernandez-Almanza (Almanza) appeals from an affirmance by the Board of Immigration Appeals of an order for his deportation issued by an immigration judge. This court's jurisdiction is based on 8 U.S.C. § 1105a. We affirm.

### Facts.

In 1970, Almanza, a Mexican national, was admitted to the United States as a permanent resident alien. Returning to this country from a visit to Mexico that same year, appellant was arrested at the border after a search revealed marijuana in his possession. Pursuant to Section 212(d)(5) of the Immigration and Nationality Act (the Act) (8 U.S.C. § 1182(d)(5)), appellant was temporarily paroled into the

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

United States for criminal prosecution. On November 4, 1970, Almanza pleaded guilty to, and was convicted of, misdemeanor possession of marijuana in violation of California Health and Safety Code, Section 11530. Appellant, who was represented by counsel at his trial, did not appeal his conviction or sentence. Thereafter, pursuant to Section 236 of the Act (8 U.S.C. § 1226), an exclusion hearing was held before a special inquiry officer, and Almanza was found to be an excludable alien under Section 212(a)(23) of the Act (8 U.S.C. § 1182(a)(23)) as a result of his conviction for possession of marijuana. He waived his right to appeal and the exclusion order became final. Consequently, Almanza was refused admission to the United States, and he returned to Mexico.

In 1972, Almanza again entered the United States, this time illegally without inspection by an officer of the Immigration and Naturalization Service as required by Section 241(a)(2) of the Act (8 U.S.C. § 1251(a)(2)). On December 14, 1973, appellant was served with an Order to Show Cause why he should not be deported for having entered the country without inspection. Pending his hearing on this order, Almanza obtained a *nunc pro tunc* order from the state court vacating his 1971 guilty plea and conviction for possession of marijuana on which basis he had been found excludable.

Since the *nunc pro tunc* order vacated the conviction as of the date it had been entered, the immigration judge ruled that Almanza had been improperly excluded and that the pending deportation hearing should be terminated. However, on reconsideration, the same judge reversed himself and held that after deportation has been accomplished, an alien may not attack the deportation order at a later expulsion or exclusion hearing unless there was a gross miscarriage of justice in the prior proceedings. Finding that no such miscarriage of justice occurred in Almanza's case, the judge ordered him to depart voluntarily from the United States in lieu of deportation. The Board of Immigration Appeals affirmed that order and Almanza appealed to this court.

### Present Deportation Order.

Appellant contends that since the state *nunc pro tunc* order vacated his guilty plea and conviction as of the date of those proceedings, his status as an excludable alien, which was based on that conviction, is also void as of its original date of entry. Thus, Almanza concludes, he is not an excludable alien, but is entitled to be in this country as a permanent resident alien.

■ The record indicates that Almanza readily admitted illegally entering this country by crossing the international border, without inspection, at a location not designated as a port of entry. This crossing, sometime in 1972, violated the inspection requirement of Section 241(a)(2) of the Act (8 U.S.C. § 1251(a)(2)). Clearly, Almanza's mode of entry into this country constituted a deportable offense in its own right. Therefore, even if his 1971 exclusion is vacated, and we do not believe it should be, Almanza may be deported for entry without inspection. 8 U.S.C. § 1251(a)(2). *See Reid v. Immigration and Naturalization Service,* 420 U.S. 619, 622 n.2, 623, 95 S.Ct. 1164, 43 L.Ed.2d 501 (1974).

### Nunc Pro Tunc *Expungement.*

Apparently Almanza believes that the present deportation proceedings would be halted if his prior exclusion were vacated *nunc pro tunc,* as was his conviction for possession of marijuana. As we have indicated, we do not agree. However, even if appellant's argument was proper, we find it not applicable as the 1971 exclusion order may not now be attacked.

■ As the immigration judge held, an exclusion order may not be attacked at a subsequent hearing unless there was a gross miscarriage of justice at the prior proceedings. *Matter of Malone,* 11 I & N Dec. 730 (BIA 1966); *Matter of Farinas,* 12 I & N Dec. 467 (BIA 1967). Since Almanza was competently represented by counsel at his trial for possession of marijuana and he

pleaded guilty to the charge, we do not find that an exclusion order based upon his conviction in that case was a miscarriage of justice. Hence, the validity of the exclusion order may not now be attacked.

█ Furthermore, this circuit and other circuits have clearly held that a valid exclusion order based upon a final judgment is not disturbed by a post conviction attack upon that judgment. *Garcia-Gonzales v. Immigration and Naturalization Service,* 344 F.2d 804, 808 (9th Cir.), *cert. denied,* 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965); *Aguilera-Enriquez v. Immigration and Naturalization Service,* 516 F.2d 565, 570 (6th Cir. 1975), *cert. denied,* 423 U.S. 1050, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976). Since Almanza pursued no direct appeal from his conviction for marijuana possession, that conviction became a final judgment. *Id.* As a final judgment, that conviction could serve as a valid basis for appellant's 1971 exclusion order under Section 212(a)(23) of the Act (8 U.S.C. § 1182(a)(23)). The finality of a conviction for purposes of deportation is determined by a federal standard— the exhaustion or waiver of direct appeals. Therefore, Almanza's post-conviction expungement order by the state court did not affect the validity of his exclusion. *Garcia-Gonzales, supra* at 808–10; *Aguilera-Enriquez, supra* at 570–71.

█ Appellant, however, contends that the *nunc pro tunc* order, like a *coram nobis* writ, restores him to the position he occupied prior to his guilty plea and conviction. Apparently Almanza believes that such an action is more than an expungement of his conviction, and it should erase all consequences, including exclusion, which stemmed from the now-vacated conviction. Such an order or writ may prevent an attempted deportation grounded upon the vacated conviction. *Matter of Sirhan, et al.,* 13 I & N Dec. 592, 597 (BIA 1970). However, where, as here, an alien has for no apparent reason failed to institute proceedings to vacate his conviction *prior* to his deportation, but has instead slept "on his rights and deportation has been accomplished," he has been held to be foreclosed from later challenging the validity of the executed order of deportation. *Matter of C,* 8 I & N Dec. 611, 612 (BIA 1960). Thus, Almanza, who had ample opportunity to attack his conviction via either a direct appeal or a *nunc pro tunc* order prior to his 1971 exclusion, cannot at this time attack that exclusion order on the basis that his conviction has been vacated *nunc pro tunc.*

### *Judicial Review of Exclusion Order.*

█ Finally, Almanza may not now obtain judicial review of his original exclusion order because of his waiver of appeal of that order. Appellant was deemed excludable by a special inquiry officer at a special hearing pursuant to Section 236(a) of the Act (8 U.S.C. § 1226(a)). That ruling by the officer became final upon Almanza's decision not to appeal to the Attorney General, the proper appeal avenue. 8 U.S.C. § 1226(c). Section 106(c) of the Act (8 U.S.C. § 1105a(c)) provides in part: "An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order . . . ." Since Almanza chose not to pursue the administrative remedy of appeal to the Attorney General and since he departed the United States after the issuance of his exclusion order, he may not now obtain a judicial review of that order. 8 U.S.C. § 1105a(c).

To summarize: Almanza's deportation for entering the United States without inspection is proper on its own merits and may proceed regardless of any action with respect to his 1971 exclusion. That exclusion order may not be attacked by Almanza now, or be judicially reviewed, due to appellant's failure to appeal the conviction or that order at the proper time.

AFFIRMED.