Gabriel ESTRADA–ROSALES, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 80–7053.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1980.

Decided May 18, 1981.

---

Rafael E. Vivero, Los Angeles, Cal., for petitioner.

Howard Gest, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before SCHROEDER and CANBY, Circuit Judges and PFAELZER\*, District Court Judge.

SCHROEDER, Circuit Judge:

Petitioner, Gabriel Estrada-Rosales, was deported after a finding that he had aided and abetted aliens in illegal entry in violation of 8 U.S.C. § 1251(a)(13). The immigration judge relied upon a prior conviction of the crime of aiding and abetting illegal entry. 8 U.S.C. § 1325, 18 U.S.C. § 2. The conviction, however, was later set aside and petitioner then filed this petition to reopen the deportation. The Board of Immigration Appeals refused to consider the petition, holding that it was powerless to do so once

the petitioner had actually been deported. We hold that the Board erred.

When petitioner was deported in 1978, his petition to vacate the aiding and abetting conviction was pending in federal district court and was decided in his favor a few months later. The deportation occurred after petitioner had unsuccessfully attempted to obtain a stay. Petitioner has apparently not attempted to reenter this country illegally but has pursued this petition while residing in Mexico.

In refusing to consider the petition for reopening because petitioner was no longer in this country, the Board relied upon a regulation which precludes the Board from hearing a motion to reopen after a person's "departure" from the United States. 8 C.F.R. 3.2.[1] The regulation in turn is taken from the provision of the Immigration and Nationality Act which precludes judicial review of an order once an alien has "departed" from the United States. 8 U.S.C. § 1105a(c).[2] It is therefore the government's initial position that the Board lost jurisdiction to reconsider the deportation once petitioner left the United States.

This Court has held, however, that an alien may properly petition for review of his deportation when he seeks to challenge the regularity of the deportation proceeding. *Mendez v. Immigration and Naturalization Service*, 563 F.2d 956 (9th Cir. 1977). *See also Espinoza Ojeda v. U. S. INS*, 419 F.2d 183 n.1 (9th Cir. 1969); 2 Gordon and Rosenfield, *Immigration Law and Procedure* § 8.8, at 8–57, 58 n.33 (Rev. ed. 1980). In so holding, this Court rejected a statutory interpretation similar to the one urged by the government in this case. The Court expressly stated that "departure" within the context of 8 U.S.C. § 1105a means a "legally executed" departure when effected

---

\* Honorable Mariana R. Pfaelzer, United States District Judge for the Central District of California, sitting by designation.

1. 8 CFR § 3.2 provides in part:
   A motion to reopen or a motion to reconsider shall not be made by or in behalf of a person who is the subject of deportation proceedings subsequent to his departure from the United States.

2. 8 U.S.C. § 1105a(c) provides in part:
   An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after issuance of the order.

by the government. In the *Mendez* case, the petitioner's counsel was not given the required notice that the petitioner was to be deported, and the Court concluded that the deportation had not been legally executed.

■ We agree with the petitioner in this case that a deportation based upon an invalid conviction is similarly not "legally executed." The underlying conviction was based upon a misdemeanor guilty plea for which counsel was not provided. The conviction was set aside because the magistrate made no record whatsoever of the plea proceedings as required by Rule 3(c)(2), Rules of Procedure for the Trial of Minor Offenses before the U.S. Magistrates, 18 U.S.C. § 3401. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). By the time of the petition to reopen, it had become established that the conviction had not been proper proof that the defendant committed the crime as charged. The conviction therefore cannot now serve as a legitimate ground for deportation so as to foreclose reopening. *Aguilera-Enriquez v. Immigration and Naturalization Service*, 516 F.2d 565, 570 (6th Cir. 1975); *Sawkow v. Immigration and Naturalization Service*, 314 F.2d 34 (3d Cir. 1963). The Board itself has stated that "when a court . . . vacates an original judgment of conviction, its action must be respected." *Matter of Sirhan*, 13 I & N Dec. 592, 600 (1970). *See also Cruz-Sanchez v. Immigration & Naturalization Service*, 438 F.2d 1087 (7th Cir. 1971) in which the Board took the position that a motion to reopen was the proper way to attack a deportation based upon a subsequently vacated conviction.

■ The vacation of the conviction here went to the merits. It was neither a judicial pardon nor a technical expungement of record following a probationary period which are insufficient to negate a convic-

tion for the purposes of the deportation statutes. *Garcia-Gonzales v. Immigration and Naturalization Service*, 344 F.2d 804, 808–809 (9th Cir.) *cert. denied*, 382 U.S. 840, 86 S.Ct. 88, 15 L.Ed.2d 81 (1965); *Adams v. United States*, 299 F.2d 327 (9th Cir. 1962).

■ The government nevertheless argues that even if *Mendez* permits reopening of allegedly defective deportations after the petitioner has left this country, this Court's decision in *Hernandez-Almanza v. United States Department of Justice*, 547 F.2d 100 (9th Cir. 1976) precludes such reopening where the alleged defect in the deportation proceedings is use of an invalid conviction. *Hernandez-Almanza*, however, involved an attack on a previous exclusion order which was not challenged until after the petitioner had illegally reentered the country and was faced with deportation proceedings. The Court held that both the exclusion order and the underlying conviction on which it was based should have been regarded as final because the alien, although represented by counsel at all times, had failed to appeal either the underlying conviction or the exclusion order, and had thus slept on his rights. *See also Ramirez-Juarez v. INS*, 633 F.2d 174 (9th Cir. 1980). In this case the alien was unrepresented at the time of the conviction. After obtaining the assistance of counsel, he acted first to appeal the order of deportability and then to challenge the conviction.[3]

There is no doubt that the use of the invalid conviction was a key part of the government's case in the deportation proceeding. The immigration judge's reliance upon the conviction is evidenced by the judge's statement that the conviction "materially lessens the proof necessary" to establish deportability. Petitioner in these circumstances is entitled to a new deportation hearing. *See, Bridges v. Wixon*, 326

---

**3.** Given the absence of counsel at the time of the conviction and during the time allowed for appeal, a motion to vacate, pursuant to 28 U.S.C. § 2255, was as a practical matter the only available avenue of relief from the conviction. That is the remedy that he pursued. Petitioner was not required to challenge the conviction in the deportation proceeding itself, for that is not the proper forum for determining the validity of criminal convictions. *Wing v. U. S.*, 46 F.2d 755 (7th Cir. 1931), 1A Gordon and Rosenfield, *Immigration Law and Procedure* § 4.13b at 4–127, 8.

U.S. 135, 156, 65 S.Ct. 1443, 1453, 89 L.Ed. 2103 (1945); *Kovac v. I. & N.S.*, 407 F.2d 102 (9th Cir. 1969). The Board should have granted the petition and ordered petitioner readmitted to the United States for such a hearing.

It is so ordered.