**Rudi Kurt SCHRANDT–BLUMEN-BACH, aka Rudi Kurt Blumen-bach Schrandt, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73340.

Agency No. A17–323–624.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2004.

Decided April 15, 2004.

K. Kerry Yianilos, Attorney At Law, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Lopez–Wright, Michelle E. Gorden, Attorney, Greg D. Mack, U.S. Department of Justice, Washington, DC, for Respondent.

Before D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Rudi Kurt Schrandt–Blumenbach was charged with removability for overstaying his B–2 visa under 8 U.S.C. § 1227(a)(1)(B) in 1998. Schrandt conceded removability but conditioned that concession on the legality of a prior 1989 deportation. Schrandt petitions for review of the BIA's determination that because he was lawfully deported in 1989, his collateral attack on his prior deportation order must fail.[1] We deny his petition.

■ Schrandt's 1989 deportation was legally executed because no stay was in effect after the Immigration Judge (IJ) denied Schrandt's motion to reopen. We agree with the IJ that at the time Schrandt was originally deported, the law was such that a stay pending the determination of a motion to reopen did not automatically stay deportation pending the taking and disposition of an appeal. *See* 8 C.F.R. §§ 3.6, 242.22 (1989); *see also Blancada v. Turnage*, 891 F.2d 688, 690 (9th Cir.1989) (noting that the regulations provide that "a deportation order is not stayed automatically by the filing of a motion to reopen deportation proceedings *or* by the appeal to the BIA of an IJ's denial of a motion to reopen"). In order to delay his deportation, Schrandt would have had to obtain a separate stay from either the IJ or the BIA pending the taking and disposition of his appeal of the denial of his motion to reopen.

■ Nor if his deportation had been illegal, could Schrandt collaterally attack his prior deportation order now when he failed to seek judicial review in 1989. Schrandt was not deprived of effective judicial review as he claims. *Cf. United States v. Mendoza–Lopez*, 481 U.S. 828, 838–39, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987). Rather, he chose not to seek direct judicial review of his prior deportation order even though at the time he was deported he could have. *See, e.g., Mendez v. INS*, 563 F.2d 956, 958–59 (9th Cir.1977) (holding that an illegally executed departure did not bar this court's review under former 8 U.S.C. § 1105a(c)).

Schrandt's reliance on *Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir.1990) as support for his collateral attack is of no avail. *Wiedersperg* is distinguishable because the petitioner in that case could not have challenged his removal order as improper at the time of his original deportation. Only after the underlying conviction was vacated did Wiedersperg's deportation transform into a removal without foundation. *See id.* at 1182. Here, although Schrandt could have sought timely judicial relief, he failed to pursue that relief until he had illegally overstayed his visa and was placed in new removal proceedings.

No gross miscarriage of justice occurred in Schrandt's prior deportation. Therefore, "[t]he validity of that [prior] proceeding ... is not properly before us." *Ramirez–Juarez v. INS*, 633 F.2d 174, 175 (9th Cir.1980).

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the BIA adopted and affirmed this portion of the Immigration Judge's decision, we review the Immigration Judge's decision as if it were the opinion of the BIA. *See Alaelua v. INS*, 45 F.3d 1379, 1381–82 (9th Cir.1995).