Manuel PADILLA–MEDEL, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–74356.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted June 14, 2006.*

Decided Aug. 11, 2006.

Manuel Padilla–Medel, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Cynthia M. Parsons, Office of the U.S. Attorney, Phoenix, AZ, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Manuel Padilla–Medel petitions for review of a final decision issued by the Board of Immigration Appeals (BIA) denying his motion to reopen a prior deportation order. We deny the petition.

## DISCUSSION

Padilla–Medel, a native and citizen of Mexico, entered the United States and was granted lawful permanent resident status in 1991. He was deported in 1995 after being convicted of possessing a controlled substance. He returned shortly thereafter, living and working in California, until he was apprehended in 2003 and charged with removability. He admitted in his removal proceedings that he was an alien present in the United States without having been lawfully admitted or paroled, and accordingly, an Immigration Judge ordered him removed to Mexico.

During the pendency of his removal proceedings, Padilla–Medel sought and obtained an expungement of his drug conviction pursuant to California Penal Code § 1203.4. He then argued to the BIA that because "his conviction which led to his previous removal has been vacated, his conviction no longer constitutes a final conviction for immigration purposes and the basis for his removal in 1995 is no longer valid." The BIA rejected that argument

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

and we denied relief, holding that "[t]he BIA correctly dismissed petitioner's appeal because, even if his 1994 deportation order could be vacated based on the expungement of the underlying state drug conviction, petitioner was properly ordered removed for his subsequent unlawful reentry into the United States." *Padilla Medel v. Ashcroft,* 114 Fed.Appx. 935 (9th Cir.2004) (unpublished).

Just prior to our decision, Padilla–Medel moved the BIA to reopen his 1994 deportation proceedings, arguing that if the BIA reopened and terminated that deportation order, his prior status as a lawful permanent resident would be restored and he could then move to reopen the removal order because his reentry into the United States would not have been unlawful. The BIA denied the motion. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). *See Fernandez v. Gonzales,* 439 F.3d 592, 602 (9th Cir.2006) (noting court retains jurisdiction to review procedural denials of motions to reopen). Our review is limited, however, to determining whether the BIA abused its discretion by acting "arbitrarily, irrationally, or contrary to law." *Andia v. Ashcroft,* 359 F.3d 1181, 1184 (9th Cir. 2004) (internal quotation omitted).

Padilla–Medel contends he is entitled to relief based on *Lujan–Armendariz v. INS,* 222 F.3d 728, 732 (9th Cir.2000), holding that aliens whose criminal convictions have been expunged under state rehabilitative statutes "do not presently stand 'convicted' within the meaning of the immigration laws, and that they, therefore, are not subject to removal." The aliens' convictions in *Lujan–Armendariz,* however, were expunged during the *pendency* of their removal proceedings in contrast to Padilla–Medel who did not seek expungement until eight years after his deportation and only when he was subject to removal.

Padilla–Medel nonetheless argues there should be no time bar to the retroactive effect of his expungement. He relies on *Wiedersperg v. INS,* 896 F.2d 1179, 1182–83 (9th Cir.1990), where we ordered the BIA to reopen an alien's deportation proceedings after he had been deported from the country because his conviction was overturned on the merits. Again, there are substantial differences, notably the underlying conviction in *Wiedersperg* was vacated rather than expunged and the alien there did not illegally reenter the United States and wait until new removal proceedings to challenge his original deportation. Indeed, Padilla–Medel's circumstances are more akin to those in *Hernandez–Almanza v. INS,* 547 F.2d 100, 102–03 (9th Cir. 1976), where we affirmed the BIA's refusal to reopen deportation proceedings for an alien who returned to the United States illegally and successfully attacked his prior state conviction only after new deportation proceedings had begun against him.

We conclude the BIA did not abuse its discretion in denying Padilla–Medel's motion to reopen. While there may be a colorable argument that *Lujan–Armendariz* and *Wiedersperg* would *permit* the BIA to reopen Padilla–Medel's prior deportation order, those cases do not compel that result. The BIA's decision was not arbitrary, irrational, or contrary to law. *See Andia,* 359 F.3d at 1184.

**PETITION FOR REVIEW DENIED.**