**Sulaiman OLADOKUN, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 05–3937.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 4, 2006.

Filed: Dec. 27, 2006.

Michelle J. Munsat, South Orange, NJ, for Petitioner.

Linda S. Wernery, Thankful T. Vanderstar, United States Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: RENDELL and AMBRO, Circuit Judges, and BAYLSON *, District Judge.

---

* Honorable Michael M. Baylson, Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Petitioner Sulaiman Oladokun appeals from the July 28, 2005, ruling of the Board of Immigration Appeals ("BIA") denying Oladokun's motion to reopen his immigration proceedings. The Board held that Oladokun's deportation in January of 2004 constituted a "withdrawal" of Oladokun's motion, foreclosing review of that motion. We will affirm the ruling of the Board.

## I.

Oladokun, a native of Burkina Faso and a citizen of Nigeria, arrived in the United States in May of 1999. Oladokun was subsequently admitted to the State University of New York, Maritime College ("SUNY Maritime"), and successfully adjusted his immigration status to that of student. In March of 2003, Oladokun was taken into custody by the Joint Terrorism Task Force after SUNY Maritime alleged that he had engaged in "suspicious behavior."

Following an investigation, the Department of Homeland Security ("DHS") concluded that Oladokun was uninvolved in any terrorist activity, though it did uncover evidence suggesting that he had fraudulently obtained his student visa. DHS subsequently issued a Notice to Appear, charging Oladokun as removable under Immigration and Naturalization Act ("INA") § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A), as an alien who had procured a visa by fraud and, under that same subsection, as an alien not in possession of a valid visa.

After SUNY Maritime disenrolled Oladokun, DHS added the charge that he was

removable under INA § 237(a)(1)(C)(i), 8 U.S.C. § 1227(a)(1)(C)(i), as an alien who had failed to maintain the conditions of his nonimmigrant status.

In a series of hearings held between April and June of 2003, an Immigration Judge ("IJ") found Oladokun removable under the charge related to his disenrollment, without reaching the other grounds. The IJ also denied Oladokun's applications for asylum, withholding of removal and protection under the Convention Against Torture. Oladokun timely appealed these rulings to the Board of Immigration Appeals ("BIA"), but the BIA affirmed them without opinion on December 12, 2003.

On January 21, 2004, after retaining new counsel, Oladokun timely filed a motion to reopen his removal proceedings on the basis of ineffective assistance of counsel, specifically alleging that his counsel was ineffective in failing to request voluntary departure during the proceedings before the IJ.[1] As Oladokun's brief explains, his "sole purpose in seeking to reopen the proceedings was to be allowed to apply for voluntary departure."

In conjunction with this motion, Oladokun filed a motion for stay of removal pending the resolution of his motion to reopen. On January 26, 2004, the BIA denied Oladokun's motion for stay of removal, finding "little likelihood that the motion [to reopen would] be granted." Oladokun was deported three days later, on January 29, 2004.

On March 11, 2004, the BIA issued a ruling dismissing Oladokun's underlying motion, finding that Oladokun's departure from the United States resulted in a withdrawal of the motion under 8 C.F.R. § 1003.2(d).[2] It is apparent, however, that neither Oladokun nor his counsel received notice of this ruling. Although a copy of the document is part of the administrative record, it does not indicate if, or to whom, it was ever sent.[3] Without knowledge of the ruling, Oladokun's counsel wrote to the BIA on March 30, 2005, requesting a decision on the motion to reopen. The BIA responded on April 5, 2005, informing counsel, in one sentence, that Oladokun's motion had been "withdrawn," without citation to the aforementioned regulation.

Apparently failing to understand the relationship between the BIA's response and the language of 8 C.F.R. § 1003.2(d), on June 8, 2005, Oladokun filed a second motion to reopen, arguing that he had not withdrawn his previous motion, requesting a ruling on that motion and reiterating the ineffective assistance of counsel claim. The BIA denied this motion on July 28, 2005, this time explicitly indicating that, under 8 C.F.R. § 1003.2(d), Oladokun's de-

---

1. In the immigration context, ineffective assistance of counsel claims fall under the Fifth, rather than the Sixth, Amendment. *Uspango v. Ashcroft*, 289 F.3d 226, 231 (3d Cir.2002) (holding that "there is no Sixth Amendment right to counsel in deportation hearings, so any claim of ineffective assistance of counsel advanced by [an alien] must be based on the Fifth Amendment's due process guaranty").

2. 8 C.F.R. § 1003.2(d) reads: "Departure, deportation, or removal. A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion."

3. According to Oladokun's brief, it "was only after the filing of the Petition, upon receiving and reviewing the administrative record in the matter, that counsel learned that a decision on the January 2004 Motion had issued on March 11, 2004." The record seems to support this contention.

parture constituted a "withdrawal" of the motion and was therefore nonreviewable.

Oladokun timely filed a petition for review with this Court on August 22, 2005. We have jurisdiction to review the BIA's ruling under 28 U.S.C. § 1252(b). We review the BIA's decision that it lacked jurisdiction to consider an alien's motion to reopen because the alien has departed from the United States for an abuse of discretion. *Bejar v. Ashcroft*, 324 F.3d 127, 130 (3d Cir.2003).

## II.

Oladokun argues that the BIA should not be able to rely on the fact of his deportation for purposes of 8 C.F.R. § 1003.2(d) when he alleges that the deportation came about as a result of a due process violation, namely the ineffective assistance of his counsel in failing to allow Oladokun to request voluntary departure. Oladokun finds support for this argument in our ruling in *Marrero v. INS*, 990 F.2d 772 (3d Cir.1993), where we held that we had jurisdiction to hear the appeal of a deported immigrant because the appeal raised a "colorable claim" that the immigrant was denied due process in his removal proceedings. Although *Marrero* dealt with a statutory provision governing federal court jurisdiction distinct from the regulation at issue here, Oladokun suggests that the line of cases from which we adopted this rule, *Mendez v. INS*, 563 F.2d 956 (9th Cir.1977) and *Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir.1990), explicitly dictates that, in the motion to reopen context, the BIA may not refuse jurisdiction under 8 C.F.R. § 1003.2(d) when the deported immigrant advances a due process challenge.

Even if we were to adopt this reasoning, Oladokun would still have to show that his ineffective assistance of counsel claim is a "colorable" one. Unfortunately for Oladokun, he cannot make such a showing. In his brief before us and in both of his motions to reopen, Oladokun clearly alleges that his counsel was ineffective in failing to request voluntary departure. However, "voluntary departure is a discretionary form of relief," *Dinnall v. Gonzales*, 421 F.3d 247, 260 (3d Cir.2005), and we have clearly held that "because discretionary relief is necessarily a matter of grace than of right, aliens do not have a due process liberty interest in consideration for such relief." *United States v. Torres*, 383 F.3d 92, 104 (3d Cir.2004). "It is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Attorney General*, 469 F.3d 94, 98 (3d Cir.2006). Without such an interest at stake, Oladokun simply had no process due to him and could not have suffered a constitutional due process violation as a result of his counsel's alleged ineffective assistance. Therefore, although Oladokun's claim of ineffective assistance may have some factual basis, it clearly has no *legal* basis and, consequently, cannot be deemed "colorable" such that it would compel the BIA to consider Oladokun's motion to reopen.[4]

## III.

For these reasons, we will deny Oladokun's petition for review.

---

4. Additionally, we would note that Oladokun's second motion to reopen would appear to be both temporally and numerically barred under INA §§ 240(c)(6)(A) & (C), 8 U.S.C. §§ 1229a(c)(6)(A) & (C), as well as 8 C.F.R.

§ 1003.2(c)(2). However, because the BIA did not rely on these provisions in dismissing Oladokun's second motion to reopen, we need not do so here.