MEMORANDUM **
Francisco Alejandro Ortiz-Ventura, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals’ (“BIA”) order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review.
The BIA did not abuse its discretion in denying Ortiz-Ventura’s motion to reopen as untimely because the motion was filed more than 23 months after the BIA’s March 31, 2005 order dismissing the underlying appeal, and Ortiz-Ventura failed to establish that an exception to the 90-day filing deadline applied. See 8 C.F.R. § 1003.2(c)(2) — (3); cf. Cardoso-Tlaseca v. Gonzales, 460 F.3d 1102, 1107 (9th Cir.2006) (8 C.F.R. § 1003.2(d) did not bar BIA from considering removed alien’s timely motion to reopen where vacated conviction was “key part” of removal proceeding); Wiedersperg v. INS, 896 F.2d 1179, 1181-82 (9th Cir.1990) (former 8 C.F.R. § 3.2 and 8 U.S.C. § 1105a(c) did not bar BIA from reopening where deported alien’s subsequently vacated conviction was the “sole ground” of deportation); Estrada-Rosales v. INS, 645 F.2d 819, 821 (9th Cir.1981) (former 8 C.F.R. § 3.2 and 8 U.S.C. § 1105a(c) did not bar BIA from reopening because deportation was not “legally executed” where IJ relied on invalid and subsequently vacated alien smuggling conviction that was “key part” of government’s case).
*236 We lack jurisdiction to review the BIA’s decision not to exercise its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). See Ekimian v. INS, 303 F.3d 1153, 1159 (9th Cir.2002).
Ortiz-Ventura’s motion for an expedited decision is denied as moot.
PETITION FOR REVIEW DENIED in part; DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.