FILED

NOT FOR PUBLICATION

MAY 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAGDY SHEHATA AZER, | No. 04-76231 |
| Petitioner, | Agency No. A074-809-366 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| MAGDY SHEHATA AZER, | No. 05-71586 |
| Petitioner, | Agency No. A074-809-366 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 5, 2010
Pasadena, California

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

Before us are two petitions by Magdy Azer for review of two decisions by the Board of Immigration Appeals (BIA). In number 04-76231, Azer petitions from the BIA's denial of his motion to reopen. In number 05-71586, he petitions from the BIA's subsequent denial of a motion styled "Motion to Reconsider; Motion to Reopen." We review the BIA's denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008). We grant the first petition and dismiss the second as moot.

The BIA incorrectly determined that Azer's motion to reopen was untimely. A motion to reopen based on changed country conditions, provided that the evidence in support of the motion "is material and was not available and could not have been discovered or presented at the previous hearing," 8 C.F.R. § 1003.2(c)(3)(ii), may be filed at any time. *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). There is no dispute that Azer's evidence is material and was not available at the time of the 1997 asylum hearing.

Further, by considering only the timing of Azer's motion to reopen, the BIA abused its discretion. In doing so, the BIA effectively created a time limitation for

_____

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

motions to reopen based on changed country conditions. Such a limitation is precluded by statute. 8 U.S.C. § 1229a(c)(7)(C)(ii); *cf. Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("As there is no time limitation for motions to reopen . . . based on lack of notice, the IJ could not create one as a matter of discretion.").

By focusing only on timing, the BIA failed to examine the evidence or the equities weighing in Azer's favor. Azer submitted evidence showing that since 1997, Egyptian Coptic Christians have faced increased persecution generally. Importantly, his evidence also showed that Azer's vocal and visible activities on behalf of Egyptian Christians — all of which took place after 1997 — have brought him to the attention of Islamic extremists in his native country. He submitted a newspaper article, translated from the Arabic, stating that during Friday prayers in Cairo, some mosques have publicly demanded Azer's death for his "continuous contempt of Islam."[1] Azer has also personally received death threats for his public discussion of the conditions Coptic Christians face in Egypt. By failing to mention, much less examine, any of this evidence, the BIA abused its discretion. *See, e.g.*, *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005)

---

[1] The article is undated, but as it mentions the events of September 11, 2001, it was necessarily unavailable in 1997 and could not have been presented then.

3

("[T]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner.").

If Azer's evidence is believed, as it must be at this stage, *Malty*, 381 F.3d at 947, Azer faces a substantial risk of being killed on account of his religion if he returns to Egypt. In failing to give the equities weighing in Azer's favor even a "cursory and generalized analysis," the BIA abused its discretion. *Arrozal v. INS*, 159 F.3d 429, 433 (9th Cir. 1998); *see also Watkins v. INS*, 63 F.3d 844, 850 (9th Cir. 1995) (holding that BIA abused its discretion in denying a motion to reopen by failing to consider "all relevant factors," including "fear of persecution").

To the extent the BIA denied Azer's motion because it believed he filed his motion only because he had been taken into custody, it abused its discretion by making a credibility finding. *See Malty*, 381 F.3d at 947 (noting that a credibility finding is generally impermissible at the motion-to-reopen stage). In any case, the record shows that Azer hired a lawyer to file a motion to reopen *before* the Department of Homeland Security took him into custody. *See Wiedersperg v. INS*, 896 F.2d 1179, 1183 (9th Cir. 1990) (holding that the BIA abused its discretion in denying motion to reopen where its denial was based on "speculative grounds"). Even were the timing of his motion motivated by his incarceration, we find no authority that suggests it is a disqualifying circumstance.

4

The record also throws doubt on the BIA's determination that Azer lacked due diligence in pursuing his claim. He promptly retained new counsel after the BIA's initial dismissal of his appeal in May 2002, but the attorney was incompetent and in June 2002 filed a frivolous motion to reopen, which the BIA denied. A layman like Azer would have reasonably believed that the BIA's denial of that motion precluded relief. Indeed, the BIA itself erroneously concluded that the denial of Azer's first motion to reopen precluded consideration of further motions for relief.

We conclude that the BIA abused its discretion by denying Azer's motion to reopen. We therefore grant the petition in number 04-76231 and remand to the BIA with directions to reopen. We dismiss the petition in number 05-71586 as moot.

**GRANTED; REMANDED WITH DIRECTIONS (04-76231).**

**DISMISSED (05-71586).**

5