NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 18 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE MADRIGAL-ZAVALA, | No. 10-72332 |
| Petitioner, | |
| | Agency No. A072-978-455 |
| v. | |
| | **MEMORANDUM**[*] |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 6, 2012
San Francisco, California

Before: **KOZINSKI**, Chief Judge, **CALLAHAN**, Circuit Judge, and
**KORMAN**, Senior District Judge.[**]

We've held the departure bar doesn't apply when an alien's vacated

conviction makes up a "key part" of his deportation proceedings. See Cardoso-

---

[*]     This disposition isn't appropriate for publication and isn't precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

Tlaseca v. Gonzales, 460 F.3d 1102, 1107 (9th Cir. 2006); Wiedersperg v. INS,

896 F.2d 1179, 1181–82 (9th Cir. 1990); Estrada-Rosales v. INS, 645 F.2d 819,

820–21 (9th Cir. 1981). We've reasoned that a deportation based on a

subsequently vacated conviction is not "legally executed," see Estrada-Rosales,

645 F.2d at 821, provided that the conviction was vacated "because of a procedural

or substantive defect," rather than for a reason "unrelated to the merits of the

underlying criminal proceedings," Cardoso-Tlaseca, 460 F.3d at 1107 (internal

quotation marks omitted).

Petitioner argued before the IJ and the BIA that the departure bar doesn't

apply to his case because his conviction was vacated. The BIA held that

petitioner's claim that his "previous deportation was 'unlawful' is based on case

law which postdates his deportation by many years, as well as on an apparent

modification of his criminal conviction which also postdates his deportation by

many years." For those reasons, the BIA held, petitioner "makes no legitimate

argument that he was unlawfully deported."

Contrary to the BIA's assertion, petitioner relies on two cases that predate

his deportation—Wiedersperg and Estrada-Rosales. And Cardoso-Tlaseca, the

case that postdates his deportation, relied on Wiedersperg and Estrada-Rosales.

See Cardoso-Tlaseca, 460 F.3d at 1107. Nor does the fact that petitioner attempted

to vacate his conviction years after his deportation derail his claim. In

Wiedersperg, petitioner "wait[ed] three years and eight months after the final order

of deportation to file a collateral challenge to his state court conviction, and . . .

over seven years after the granting of his writ of error coram nobis to file his

motion to reopen the deportation case." 896 F.2d at 1181. Despite the delay, we

held the departure bar didn't eliminate the BIA's jurisdiction over his motion. Id.

at 1183.

Petitioner's case closely tracks Cardoso-Tlaseca. In both cases, the aliens

were deported for being illegally present in the country and having been convicted

of controlled substance violations. Cardoso-Tlaseca, 460 F.3d at 1104. Both

aliens convinced courts to vacate their convictions, and both subsequently entered

guilty pleas to different charges. Id. Both cases raised the question whether the

departure bar denied jurisdiction over their motions to reopen. Id. at 1105. In

Cardoso-Tlaseca, we remanded so that the BIA could "determine[] in the first

instance" whether the petitioner's conviction "was vacated on the merits" and thus

could not serve as a basis for removeability. Id. at 1107. Cardoso-Tlaseca requires

us to do the same here.

We hold that the BIA has jurisdiction and remand for the BIA to determine whether petitioner's conviction was vacated on the merits.

**PETITION GRANTED.**