**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATARINO MENDOZA-VALDEZ, AKA Jose Castillo,<br><br>          Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>          Respondent. | No.   16-73800<br><br>Agency No. A071-954-652<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2019
San Francisco, California

Before: BENNETT and LEE, Circuit Judges, and PIERSOL,** District Judge.

Catarino Mendoza-Valdez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision affirming the dismissal of his motion to reopen. We **DENY** the petition.

Mendoza-Valdez concedes that he did not file his motion to reopen within the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

90-day time limit. *See* 8 C.F.R. § 1003.23(b) (motions to reopen must be filed within 90 days of entry of a final order of removal, deportation, or exclusion, or on or before September 30, 1996, whichever is later). Mendoza-Valdez seeks to excuse this untimely filing because of his vacated conviction, citing to *Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir. 1990), and *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102 (9th Cir. 2006).

Neither *Wiedersperg* nor *Cardoso-Tlaseca*, however, addresses procedural time limitations. Rather, they discuss the "departure bar," a jurisdictional bar that prohibits an alien from making a motion to reopen or reconsider after leaving the United States. *See Wiedersperg*, 896 F.2d at 1181–82; *Cardoso-Tlaseca*, 460 F.3d at 1106–07. Indeed, *Cardoso-Tlaseca* dealt with a timely motion to reopen, 460 F.3d at 1104–05, and procedural time limitations were not in effect at the time *Wiedersperg* was decided. *See* Executive Office for Immigration Review; Motions and Appeals in Immigration Proceedings, 61 Fed. Reg. 18,900 (April 29, 1996) (final rule establishing the 90-day time limit for motions to reopen). Accordingly, *Wiedersperg* and *Cardoso-Tlaseca* do not excuse Mendoza-Valdez's failure to file his motion to reopen within the prescribed time limit.

**PETITION FOR REVIEW DENIED**.