NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 27 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA ELIS HERNANDEZ-MUNOZ, AKA Juana Elizabeth Gomez, AKA Juana Elizabeth Gomez Escobar, AKA Maria Munoz, AKA Silvia Reyes,

No.    16-73125

Agency No. A073-846-238

Petitioner,

MEMORANDUM*

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2020**
Pasadena, California

Before: RAWLINSON, CLIFTON, and BRESS, Circuit Judges.

Maria Hernandez-Munoz petitions for review of a Board of Immigration Appeals' (BIA) decision dismissing her appeal of an Immigration Judge's (IJ) denial of her motion to reopen *sua sponte*. We deny the petition.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hernandez-Munoz was originally ordered removed in 1997, but did not file a motion to reopen her removal proceedings until over seventeen years later. It is undisputed that her motion to reopen is untimely under the governing 90-day limit. *See* 8 C.F.R. § 1003.23(b) ("A motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion . . . ."). Accordingly, Hernandez-Munoz sought a discretionary *sua sponte* reopening under 8 C.F.R. § 1003.23(b)(1). We lack jurisdiction to review the BIA's exercise of discretion in deciding *sua sponte* motions to reopen, except "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Hernandez-Munoz argues that the BIA erred in denying her motion to reopen because a drug conviction that served as a basis for the original removal order has now been vacated. The BIA rejected this argument because Hernandez-Munoz was also adjudged removable as an alien present in the United States without inspection or parole. 8 U.S.C. § 1182(a)(6)(A)(i). Hernandez-Munoz claims this was error under *Wiedersperg v. INS*, 896 F.2d 1179 (9th Cir. 1990), and *Cardoso-Tlaseca v. Gonzales*, 460 F.3d 1102 (9th Cir. 2006). That is incorrect. These cases do not concern *sua sponte* reopening, and instead involved the "departure bar," a jurisdictional prohibition on motions to reopen once an alien leaves the country. *See Cardoso-Tlaseca*, 460 F.3d at 1106–07; *Wiedersperg*, 896 F.2d at 1181–82. In this

case, the BIA did not deny reopening based on the departure bar, and the IJ found that the departure bar did not apply. Nothing in *Wiedersperg* or *Cardoso-Tlaseca* required the BIA to grant *sua sponte* reopening of Hernandez-Munoz's removal proceedings.

Hernandez-Munoz further argues that the BIA made an impermissible credibility determination in declining to credit her affidavit supporting her motion to reopen, citing *Yang v. Lynch*, 822 F.3d 504 (9th Cir. 2016). Unlike in *Yang*, the IJ and BIA did not purport to import an earlier adverse credibility determination from a prior proceeding. *See id.* at 507. Instead, pursuant to *Celis-Castellano v. Ashcroft*, 298 F.3d 888, 892 (9th Cir. 2002), the BIA agreed with the IJ that it need not credit assertions in an affidavit that were "inherently unbelievable," including assertions contained in Hernandez-Munoz's affidavit that, without explanation, directly contradicted her representations during the 1997 removal proceedings.

We have carefully reviewed Hernandez-Munoz's other arguments and find they do not demonstrate legal or constitutional error. For the foregoing reasons, the petition for review is **DENIED**.

3