**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50187 |
| Plaintiff-Appellee, | D.C. No. 8:18-cr-00129-CJC-1 |
| v. | |
| JOSE FRANCISCO MAGANA-LEMUS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted August 11, 2020
Pasadena, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and M. WATSON,**
District Judge.

Jose Francisco Magana-Lemus appeals his conviction for illegal reentry

under 8 U.S.C. § 1326(a), (b)(1). Because the facts are known to the parties, we

repeat them only as necessary to explain our decision.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

## I

First, Magana-Lemus's collateral attack on his 2005 order of removal fails because the validity of such order does not depend on the validity of his previous order of removal from 1999. In 2005, following full removal proceedings, Magana-Lemus was ordered removed explicitly on the basis of the independent charges alleged in the Notice to Appear. The immigration judge's mere citation to Immigration and Nationality Act § 241(a)(5)—in reference to Magana-Lemus's eligibility for relief from removal—did not "convert" the proceedings into a reinstatement of the prior order of removal. Further, any alleged due process violations from Magana-Lemus's 1999 removal proceedings did not "infect" the 2005 removal, because Magana-Lemus would have been removable on the basis of at least one of the charges in 2005 even if he had retained his status as a legal permanent resident. *See, e.g.*, *Hernandez-Almanza v. U.S. Dep't of Justice*, 547 F.2d 100, 102 (9th Cir. 1976).

## II

Second, even if the validity of Magana-Lemus's 2005 removal did depend on the validity of his 1999 removal, Magana-Lemus's collateral attack would still fail. He has not shown that he suffered prejudice as a result of the immigration judge's failure to inform him of his opportunity to seek discretionary relief in 1999. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir.

2018). Magana-Lemus has not shown that he plausibly would have received such relief if he had applied for it. *See id.* Although he has identified some positive factors in his favor, Magana-Lemus has failed to put forth evidence of "unusual or outstanding equities" that could plausibly have outweighed his substantial criminal history. *See id.* at 1069–70; *United States v. Gonzalez-Valerio*, 342 F.3d 1051, 1057 (9th Cir. 2003).

**AFFIRMED.**